IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PALEMON CRUZ, SOCORRO
MERINO, ALFREDO HERNANDEZ,
ROBERTO COMACHO, MARCO
RAMOS, RUDULFO MERINO,
AMELIO SANCHEZ, ESTELA LIMA,
URBANO SANCHEZ, ARMANDO
FLORES, ISIDRO DIAZ, on their own
behalf and on behalf of all others
similarly situated,

       Plaintiffs,

vs.                                        No. CIV 06-1024 JB/ACT

D&D SOUTHWEST, INC. d/b/a PRO
CLEAN BUILDING MAINTENANCE &
CARPET EXPRESS, and JANIPRO
MAINTENANCE, INC.,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Amend the Complaint,

filed March 14, 2007 (Doc. 14)("Motion"). The primary issue is whether the Court should allow

the Plaintiffs Palemon Cruz, Socorro Merino, Alfredo Hernandez, Roberto Comacho, Marco Ramos,

Rudolfo Merino, Amelio Sanchez, Estela Lima, Urbano Sanchez, Armando Flores, and Isidro Diaz

to add to their case ten additional plaintiffs, three of whom the Defendants D&D Southwest, Inc.

d/b/a Pro Clean Building Maintenance and Carpet Express and Janipro Maintenance, Inc. state they

never employed. Because the parties dispute this issue, because the Court cannot, on the record

before it, resolve the differences in the parties' allegations, and because the Plaintiffs have otherwise

shown good cause for allowing the amendment, the Court will grant the Plaintiffs' motion to amend.

**PROCEDURAL BACKGROUND**

The Plaintiffs filed the initial Complaint on October 23, 2006.  See Collective Action Complaint and Jury Demand, filed October 23, 2006 (Doc. 1).  The Plaintiffs represent that, since they filed the initial Complaint, ten additional Plaintiffs have requested to join the suit.  See Motion at 1.  The Plaintiffs move the Court for permission to amend the current Complaint.  See id.

The Plaintiffs' proposed amended complaint seeks only to add the names of ten additional plaintiffs and does not change any of the allegations in the initial complaint.  See id.  The Defendants oppose this motion.  See id.  On April 17, 2007, the Plaintiffs filed a Notice of Completion of Briefing on Plaintiffs' Motion to Amend the Complaint, stating that briefing is now complete.  See Notice of Completion of Briefing on Plaintiffs' Motion to Amend the Complaint, filed April 17, 2007 (Doc. 18).

**RULE 15**

Under rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ."  Fed. R. Civ. P. 15(a).  "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Id. Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005)(noting that whether to grant leave to amend is committed to the district court's discretion). Generally, leave to amend is refused only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d at 1315.  See Foman v. Davis, 371 U.S. 178, 182 (1962)(holding similarly).  The United States Court of Appeals for the Tenth Circuit has held: "A proposed amendment is futile if

-2-

the complaint, as amended, would be subject to dismissal.  The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim. . . ." Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999)(internal citation omitted).

**ANALYSIS**

The current Plaintiffs have shown good cause for leave to amend.  While the new plaintiffs may not be necessary parties, there is no reason to multiply this litigation by requiring them to file another nearly identical case.  Furthermore, the Court should not resolve factual disputes about whether the new proposed parties worked for the Defendants on a motion to amend.

**I.     THE PLAINTIFFS HAVE SET FORTH GOOD CAUSE WHY THE COURT SHOULD GIVE LEAVE TO AMEND.**

The Plaintiffs have set forth good cause and reasons why the Court should grant leave to amend.  They allege that other parties would like to join the suit.  The Plaintiffs do not need to show that the new parties are necessary for this matter to go forward.  The reason provided is sufficient. See Duncan v. Manager, Dep't of Safety, City and County of Denver, 397 F.3d 1315 (stating that, generally, leave to amend is refused only "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment").  Accordingly, the Plaintiffs have shown good cause why the Court should grant them leave to amend.  See id. (noting that whether to give leave to amend is within the trial court's discretion).

**II.    THE COURT CANNOT DETERMINE, ON THIS RECORD, WHETHER THE PLAINTIFFS' AMENDED COMPLAINT IS FUTILE AND WOULD NOT SURVIVE A MOTION TO DISMISS.**

The Defendants argue that the Plaintiffs' proposed amended Complaint would be futile, because at least some of the added plaintiffs have never worked for the Defendants.  See

-3-

Defendants' Response to Plaintiffs' Motion to Amend the Complaint at 2-3, filed March 30, 2007 (Doc. 16)("Response").  The Defendants contend that three of the proposed new Plaintiffs have not worked for them: (i) Pascual Merino Garcia; (ii) Josefat Nino Zarate; and (iii) Bartolo Camacho Merino.  See id. at 2.  The Defendants contend that, if the Court permits the amendments, it would be futile, because the parties have not worked for either Defendant and therefore the amendments would not survive a rule 12(b)(6) motion to dismiss for failure to state a claim upon which the Court may grant relief.  See id. at 3.

It may well be true that, if the new plaintiffs did not work for the Defendants, amendment would be futile.  Nevertheless, the proposed amendment may well survive a motion to dismiss, and the Court might have to resolve the issue on a motion for summary judgment or at trial.  It is true that the Plaintiffs have not supported their position with any evidence, but neither have the Defendants.

In their proposed amended complaint, the Plaintiffs allege that they worked for one or more of the Defendants.  See Motion, Exhibit A, [Proposed] Amended Collective Action Complaint at 1-3, filed March 14, 2007 (Doc. 14-2).  The Plaintiffs represent that their counsel has contacted the proposed new plaintiffs and that each of them has confirmed that they worked for the Defendants. See Plaintiffs' Reply on Their Motion to Amend the Complaint at 1, filed April 17, 2007 (Doc. 17). The Defendants have not yet offered evidence to support their claims in response to the motion. On this record, the Court cannot resolve the dispute.

If the Defendants offer evidence to establish their allegations and if the Plaintiffs cannot rebut the allegations, the Court may need to grant a motion for summary judgment at some point in the litigation.  The litigation is not, however, currently at that stage.  There is no evidence before the Court to support the Defendants' allegations.  Consequently, it is appropriate to grant the motion to

amend the complaint and to allow the parties to conduct discovery to establish the facts relative to

these allegations.

        **IT IS ORDERED** that the Plaintiffs' Motion to Amend the Complaint is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Shane C. Youtz
Youtz & Valdez, P.C.
Albuquerque, New Mexico

       *Attorneys for the Plaintiffs*

Michael J. Cadigan
Alfred A. Park
Tatiana D. Engelmann
Cadigan Law Firm, P.C.
Albuquerque, New Mexico

       *Attorneys for the Defendants*